

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 28, 2025

By ECF

The Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
 for the Second Circuit
The Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    United States v. Kara Sternquist
               Docket No. 24-2135

Dear Ms. Wolfe:

      The government respectfully submits this letter under Fed. R. App. Proc. 28(j) to address the effect of the Supreme Court's recent decision in *Bondi v. VanDerStok*, 604 U.S. ----, 2025 WL 906503 (Mar. 26, 2025), on Sternquist's appeal.

      *VanDerStok* upheld the ATF's ability to regulate "weapon parts kits" like those Sternquist used to build untraceable ghost guns. *See id.* at *3 (given the kits' popularity among "[h]ome hobbyists" and "criminals" alike, the rule at issue sought "to combat the proliferation of ghost guns"). In doing so, the Court specifically found that an unfinished or incomplete receiver—like the one Sternquist possessed—qualifies as a "firearm" under 18 U.S.C. § 921(a)(3)(B) and is subject to regulation as such. *See VanDerStok*, 2025 WL 906503, at *4 (describing receiver as "a key building block of almost any firearm"); *see also id.* at *9-12. The Court thus rejected a facial challenge to 27 C.F.R. § 478.12(c), an ATF rule defining "frame" and "receiver" for purposes of § 921(a)(3)(B) to include any "partially complete, disassembled, or nonfunctional frame or receiver." *Id*. at *4, *9. Because the unfinished receiver in *VanDerStok* could be rendered functional simply by removing plastic tabs and drilling a few holes—tasks that could be accomplished "by a person with novice skill, using common tools, within minutes"—it was properly regulated as a "firearm." *See id.* at *5, *10-11 (cleaned up).

      Applying the same regulation upheld in *VanDerStok*, an ATF technical examiner properly concluded that an unfinished receiver possessed by Sternquist qualified as a "firearm." (GA:1-2, 7-9). The examiner's conclusion was based partly on the fact that the receiver was found "attached to a jig intended to aid the firearm builder in completing the receiver" (GA:7)—a

relevant consideration under 27 C.F.R. § 478.12(c) ("the Director may consider any associated . . . jigs . . . that are . . . possessed with the item"). That conclusion is wholly consistent with the Supreme Court's interpretation in *VanDerStok* and, as such, the district court did not clearly err in adopting it when determining Sternquist's offense level.

        Respectfully submitted,

        JOHN J. DURHAM
        United States Attorney

By:    /s/
        Anthony Bagnuola
        Frank Turner Buford
        Andrés Palacio
        Assistant U.S. Attorneys
        718 254-7000

cc:    Counsel of Record (by ECF)